—— *v.* Dill.

*Ewing* now moved to reverse this judgment, because the state of demand did not allege that the instrument upon which the action was brought was a sealed instrument.

—————— *against* DILL.

Rule to plead must be served on defendant's attorney, though he was in court when the rule was taken.

*Ewing* took a rule upon the defendant, at the last term, to plead in thirty days. The defendant having failed to plead, he now moved for judgment against him by default.

KIRKPATRICK, C. J. You are not entitled to judgment; you do not state that you served the rule upon the defendant's attorney.

*Ewing.* The defendant's attorney was in court at the time the motion was made, and knew of it.

*Per Curiam.* We are all of opinion, that a service of the rule is necessary, and even if the defendant's attorney is in court when the motion is made. We cannot enter into an examination, whether he was in court or not. Besides, he might have been engaged at the time, and not have heard it.

Motion denied.